UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK MITCHELL, JR.; AND MARJA MITCHELL,<br><br>        Plaintiffs,<br><br>  v.<br><br>STEVEN CULVER., individually and as a Federal Ranger; BRIAN J. DENSMORE, individually and as a Federal Ranger,<br><br>        Defendants. | No.  2:15-cv-00058-GEB-CMK<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |

      The January 9, 2015 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on April 20, 2015, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The January 9, 2015 Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

      Therefore, Plaintiffs are Ordered to Show Cause ("OSC") in a writing to be filed no later than April 24, 2015, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response

1

shall also state whether Plaintiffs or their counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on June 8, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiffs are notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve each Defendant with process within the 120 day period prescribed in that Rule may result in the unserved defendant(s) and/or this action being dismissed. To avoid dismissal, on or before May 11, 2015, Plaintiffs shall file proof of service for each Defendant or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: April 14, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).