UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK MITCHELL, JR., and MARJA MITCHELL,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STEVEN CULVER, individually and as a Federal Ranger; and BRIAN J. DENSMORE, individually and as a Federal Ranger,<br><br>　　　　Defendants. | No. 2:15-CV-00058-GEB-CMK<br><br>**ORDER GRANTING DEFENDANTS' DISMISSAL MOTION** |

Defendants seek dismissal with prejudice of Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing, <u>inter alia</u>, that the Complaint is barred by the applicable statute of limitations. Plaintiffs' Complaint consists of Fourth Amendment false arrest claims alleged against Federal Rangers under <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

**I. FACTUAL ALLEGATIONS**

The following factual allegations in the Complaint

1

concern the dismissal motion.

"On or about July 16, 2012[,] Plaintiffs Jack Mitchell, Jr. and Marja Mitchell . . . were stopped ostensibly for speeding by [Federal] Rangers and Defendants Steven Culver and Brian J. Densmore on California State Highway 299." (Compl. ¶ 1, ECF No. 1.) Plaintiffs allege they were not speeding, and although they complied with Defendants' commands during the traffic stop, Defendants detained and subsequently arrested them for failing to follow a lawful order. (Compl. ¶¶ 3-5, 25-27.) "[N]o speeding charge[s were] ever brought [against Plaintiffs,] and all criminal charges were dismissed in Redding, CA by Magistrate Judge Craig Kellison on or about January 8, 2013." (Compl. ¶ 28.)

## II. DISCUSSION

The applicable statute of limitations in a <u>Bivens</u> action is the state's "personal injury" statute. <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409-10 (9th Cir. 1991). "[T]he rationale for applying [a state's] statute of limitations for personal injury [actions] . . . to <u>Bivens</u> actions [is that federal constitutional torts] come solely from the provisions of the Constitution protecting personal rights." <u>Id.</u> In California, the limitations period for personal injury actions is two years, since section 335.1 of the California Code of Civil Procedure prescribes "[a]n action for assault . . . or injury to . . . an individual caused by the wrongful act or neglect of another" shall be commenced within two years.

"Although state law determines the length of the limitations period, federal law determines when a civil rights

claim accrues. [A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004) (alteration in original) (citations and internal quotation marks omitted). Defendants argue:

> Plaintiffs allege [Defendants] falsely arrested them on July 16, 2012. Therefore, their . . . claims . . . accrued on July 16, 2012, and the statute of limitations for filing a false arrest lawsuit expired on July 16, 2014. On the face of the January 8, 2015 [filed C]omplaint, [P]laintiffs' false arrest claims are time-barred, having been almost six months too late.

(Mem. P.&A. ISO Mot. Dismiss ("Mot.") 4:13-18, ECF No. 13-1.)

Plaintiffs agree that California Code of Civil Procedure section 335.1 is "the applicable statute of limitations period[,]" and that a "false arrest/false imprisonment [claim] accrues at the time of the arrest." (Pls.' Opp'n to Mot. ("Opp'n") 3:12-14, ECF No. 16.) However, Plaintiffs argue their lawsuit was timely filed in light of the tolling provision in California Government Code section 945.3. "This section prevents civil actions against peace officers from being filed while criminal charges are pending against the potential plaintiff[s and] . . . tolls the statute of limitations on the civil actions until the criminal charges are resolved." Harding v. Galceran, 889 F.2d 906, 907-08 (9th Cir. 1989). Plaintiffs argue:

> [Plaintiffs' criminal] case was dismissed by the Magistrate in Redding, CA on or about January 8, 2013. Using Federal Rules of Civil Procedure, Rule 6 and [section 945.3], the complaint had to be filed by January 9, 2015. This matter was [timely] filed on or about January 8, 2015.

3

(Opp'n 4:2-4.)

Defendants reply "that the Ninth Circuit has held that section 945.3 . . . does not apply to federal law enforcement officers like the [Federal] Rangers here." (Defs.' Reply ISO Mot. 1:26-28, ECF No. 18.)

California Government Code section 945.3 prescribes in relevant part:

> No person charged [with] . . . a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged . . . while the charges against the accused are pending before a superior court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov. Code § 945.3 (emphasis added).

The California Penal Code contains provisions that define "peace officer." The provision pertinent to each party's argument here is California Penal Code section 830.8(c) which states in pertinent part: "National park rangers are not California peace officers . . . ." The Ninth Circuit stated in Matthews v. Macanas, 990 F.2d 467 (9th Cir. 1993) (per curiam), abrogated on other grounds: "Under California law, '[f]ederal . . . law enforcement officers are not California peace officers,' although they may exercise powers of arrest provided that they are engaged in the enforcement of federal criminal law. Because federal officers are not 'peace officers' section 945.3's tolling provision does not apply to federal officials." Id. at 469 (citation omitted).

4

Since the Federal Rangers are not "peace officers" as prescribed in section 945.3 Plaintiffs' Fourth Amendment claims are barred by the statute of limitations; in light of Plaintiffs' allegation that they were seized on July 16, 2012, this date is more than two years before Plaintiffs filed their complaint on January 8, 2015. Therefore, Plaintiffs' Complaint is dismissed since it was not filed within the applicable statute of limitations period. However, Plaintiffs are granted (14) days from the date on which this order is filed to file a First Amended Complaint addressing the referenced deficiency in their Complaint.

Dated: August 24, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge